**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L-C.I.O. SAVINGS FUND; CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST; CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, | CASE NO.: 20-CV-1024<br><br>JUDGE:<br><br>MAG. JUDGE: |
| Plaintiffs, | |
| vs. | |
| R & W CLARK CONSTRUCTION INC., an Illinois Corporation, and RICHARD CLARK, individually, | |
| Defendants. | |

**COMPLAINT**

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT

MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND, and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of the Defendants R & W CLARK CONSTRUCTION INC. and RICHARD CLARK, and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1104, 1132 and 1145) and Section 301 of the Labor-Management Relations Act ("LMRA") (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 185, 1132 and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND (collectively the "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreement ("CBA") entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. §§ 1002(37).

4. The CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of the Defendant R & W CLARK CONSTRUCTION INC. ("R & W")'s bargaining-unit employees.

7. The Defendant R & W is an Illinois corporation with its principal place of business in Frankfort, Illinois.

8. The Defendant RICHARD CLARK ("CLARK") is the President of Defendant R & W.

## COUNT I
## BREACH OF CONTRACT – R & W CLARK CONSTRUCTION INC.

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. The Defendant R & W is an employer engaged in an industry affecting commerce, which agreed to be bound by the terms of the CBA through a Memorandum of Agreement. (A

copy of the Memorandum of Agreement is attached as **Exhibit 1**); (A copy of the CBA is attached as **Exhibit 2**).

11. Through the CBA and Memorandum of Agreement, R & W agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

12. Pursuant to the provisions of the CBA, Memorandum of Agreement, and Trust Agreements, R & W is required to make monthly reports of the number of hours worked by its bargaining-unit employees and pay contributions to the TRUST FUNDS and LMCC for each hour that a bargaining-unit employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

13. Pursuant to the CBA, R & W is required to deduct five dollars ($5.00) from its bargaining-unit employees' wages for each hour worked and remit it to the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND ("SAVINGS FUND"). (**Exhibit 2**).

14. Pursuant to the CBA and properly executed check-off cards, R & W is required to deduct four percent (4%) from its bargaining-unit employees' wages for each hour worked and remit it to the UNION. (**Exhibit 2**).

15. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS and the LMCC, and dues to the UNION, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%)

of the amount unpaid, plus interest at a rate of ten percent (10%) per annum, and any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred.

16. R & W failed to submit its monthly contribution reports and payment of contributions and union dues for the months of June 2019, August 2019, September 2019, October 2019, November 2019, and December 2019, and therefore owes the TRUST FUNDS contributions and union dues in an unknown amount.

17. As a result of its failure to timely remit payment of contributions and union dues for the months of June 2019, August 2019, September 2019, October 2019, November 2019, and December 2019, R & W also owes the TRUST FUNDS liquidated damages in an unknown amount.

18. R & W also failed to timely submit payment of contributions and union dues for the months of January 2019, February 2019, March 2019, April 2019, May 2019, and July 2019.

19. As a result of R & W's failure to remit timely payment for contributions and union dues for the months of January 2019, February 2019, March 2019, April 2019, May 2019, and July 2019, R & W owes the TRUST FUNDS $4,772.13 in liquidated damages.

20. R & W has a continuing obligation to remit monthly contribution reports, contributions and union dues on a monthly basis to Plaintiffs, and to comply with the terms of the CBA, Memorandum of Agreement, and Trust Agreements.

21. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from R & W.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. R & W is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Defendant R & W be ordered to remit its monthly contribution reports for the months of June 2019, August 2019, September 2019, October 2019, November 2019, and December 2019;

B. That Judgment be entered in favor of Plaintiffs and against Defendant R & W for any and all contributions, union dues, liquidated damages and interest found to be due and owing for the months of June 2019, August 2019, September 2019, October 2019, November 2019, and December 2019;

C. That Judgment be entered in favor of Plaintiffs and against Defendant R & W in the amount of $4,772.13 for liquidated damages resulting from its late payment of contributions and wage deductions for the months of January 2019, February 2019, March 2019, April 2019, May 2019, and July 2019;

D. That Judgment be entered in favor of Plaintiffs and against Defendant R & W for any and all other contributions, wage deductions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraphs A through C above;

E. That Defendant R & W be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

F.	That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant R & W cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT – R & W CLARK CONSTRUCTION INC.

24.	Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-23 of this Complaint with the same force and effect as if fully set forth herein.

25.	Pursuant to the CBA and Trust Agreements, the TRUST FUNDS have the authority to audit the books and records of Defendant R & W, either directly or through an authorized representative, whenever such examination is deemed necessary for the purpose of determining compliance with the CBA. (**Exhibit 2**).

26.	Pursuant to the CBA and Trust Agreements, Defendant R & W shall make its books and records available to the Trustees of the TRUST FUNDS for such purpose referenced above. (**Exhibit 2**).

27.	In breach of the CBA and Trust Agreements to which it is bound, Defendant R & W has repeatedly refused to submit to a payroll compliance audit and failed to make its books and records available to the TRUST FUNDS.

28.	R & W has a continuing obligation to remit monthly contribution reports, contributions and union dues on a monthly basis to Plaintiffs, and to comply with the terms of the CBA, Memorandum of Agreement, and Trust Agreements.

29.	Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from R & W.

30.	Plaintiffs have complied with all conditions precedent in bringing this suit.

31. R & W is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Defendant R & W be ordered to submit to a payroll compliance audit and make arrangements with the TRUST FUNDS' auditor to complete the audit;

B. That Judgment be entered in favor of Plaintiffs and against Defendant R & W for any and all contributions, wage deductions, liquidated damages, and interest found to be due and owing from the payroll compliance audit;

C. That Defendant R & W be ordered to pay the reasonable attorneys' and auditors' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant R & W cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT III
## BREACH OF FIDUCIARY DUTY – RICHARD CLARK

32. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-31 of this Complaint with the same force and effect as if fully set forth herein.

33. Pursuant to the CBA, Defendant R & W is required to deduct $5.00 from its bargaining-unit employees' wages for each hour worked and remit it to the SAVINGS FUND. (**Exhibit 2**).

34. Section 2510.3-102(a)(1) of the Department of Labor's Regulations defines a plan asset as "amounts that a participant has withheld from his wages by an employer, for contribution

or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets." (29 C.F.R. § 2510.3-102(a)(1)).

35. Section 3 of ERISA provides that "a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of plan assets . . ." 29 U.S.C. § 1002(21)(A)).

36. Section 404(a)(1) of ERISA requires that a fiduciary act "for the exclusive purpose of providing benefits to the participants and beneficiaries" and act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." (29 U.S.C. § 1104(a)(1)).

37. CLARK, in his capacity as a President of R & W, withheld $5.00 from from his bargaining unit employees' paychecks for each hour worked for the months of June 2019, August 2019, September 2019, October 2019, November 2019, and December 2019 in an unknown amount.

38. The withheld SAVINGS FUND deductions became plan assets on the day they became due and owing to Plaintiffs, the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

39. Consequently, CLARK became a plan fiduciary when he failed to remit timely payment of the SAVINGS FUND deductions, as he exercised discretionary authority and control over plan assets.

40. As a result of his failure to remit timely payment of the SAVINGS FUND deductions,

CLARK breached his fiduciary duty to the SAVINGS FUND, as he failed to act for the exclusive purpose of providing benefits to the participants when he failed to remit timely payment of the SAVINGS FUND deductions.

41. CLARK also failed to act with the requisite care, skill, prudence and diligence imposed upon his by ERISA when he failed to remit timely payment of the SAVINGS FUND deductions to the SAVINGS FUND.

42. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from CLARK.

43. Plaintiffs have complied with all conditions precedent in bringing this suit.

44. CLARK is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

**WHEREFORE,** Plaintiffs respectfully request:

A. That Defendant CLARK, in his capacity as President of Defendant R & W, be ordered to remit R & W's monthly contribution reports for the months of June 2019, August 2019, September 2019, October 2019, November 2019, and December 2019;

B. That Judgment be entered in favor of the SAVINGS FUND and against Defendant CLARK in an unknown amount for the unpaid SAVINGS FUND deductions for the months of June 2019, August 2019, September 2019, October 2019, November 2019, and December 2019;

C. That Judgment be entered in favor of the SAVINGS FUND and against Defendant CLARK in an unknown amount for liquidated damages and interest calculated at a rate of ten percent (10%) per annum from the due dates through the date of a Judgment;

D. That Judgment be entered in favor of Plaintiffs and against Defendant CLARK for all unpaid SAVINGS FUND deductions, along with the resulting liquidated damages and interest, that are found to be due and owing in addition to the amounts referenced in paragraphs A through C above;

E. That Defendant CLARK be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g); and

F. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant CLARK's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502** *et al.*

/s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com